**James B. MURRAY, Plaintiff,**

v.

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., and Utility Workers' Union of America, AFL–CIO Local 1–2, Defendants.**

**No. 88 Civ. 5161 (RPP).**

United States District Court,
S.D. New York.

April 18, 1990.

Helene Chowes, New York City, for plaintiff.

Carole Sobin, Law Dept., Consolidated Edison Co. of New York, New York City, for defendant Consolidated Edison Co. of New York.

Arthur Z. Schwartz, Clifton & Schwartz, New York City, for defendant Utility Workers' Union of America, AFL–CIO Local 1–2.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

On August 11, 1989, this Court rendered an opinion denying the motions of defendants Con Edison Company of New York, Inc. (Con Edison) and Utility Workers Union of America, AFL–CIO Local 1–2 (Local 1–2) for summary judgment dismissing

*v. Mailet,* 591 F.2d 426 (2d Cir.1979) (en banc)    (*Turpin II*).

plaintiff's second amended complaint pursuant to Fed.R.Civ.P. 56 with respect to Counts I, II and II, and reserving decision on Count IV.

Thereafter, on February 9, 1990 the plaintiff and Con Edison settled all claims between them. Accordingly, Local 1–2's motion for summary judgment as to Count IV remains pending. Count IV relates to whether a letter from Local 1–2's attorney to plaintiff's then attorney-friend prior to the initiation of this lawsuit constitutes a violation of Section 101(a)(4) of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(4).

Section 101(a)(4) of the LMRDA states in relevant part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator.

Plaintiff claims that the following passage from Local 1–2's attorney to the plaintiff's then attorney-friend constitutes a violation of Section 101(a)(4):

> Should you sue, please take this letter as a warning that Local 1–2 will seek sanctions under Rule 11 of the Federal Rules of Civil Procedure against you for proceeding with what would clearly be a meritless lawsuit.

Local 1–2 responds that since sanctions can only be imposed by the Court and could not be imposed by Local 1–2, the attorney's letter did not limit the right of its member (the plaintiff) to institute an action in any court. *Mamula v. United Steelworkers of America*, 414 Pa. 294, 200 A.2d 306 (Congress enacted Section 101(a)(4) as a limitation upon discipline imposed by unions and not by the judiciary), *cert. denied*, 379 U.S. 17, 85 S.Ct. 148, 13 L.Ed.2d 84 (1964). In essence, Local 1–2 argues that the limita-

tion under Section 101(a)(4) must relate to a threat of discipline or fines to be imposed by the union.

Plaintiff argues that, under all the circumstances surrounding Mr. Murray's discharge and prior work history at Con Edison, the threat of seeking sanctions by the Court contained in the letter to plaintiff's attorney was a limitation within the meaning of Section 101(a)(4) since it would chill access to the courts. No legal authority for this position is cited. And, in the month following the date of the offending letter, plaintiff's present attorney wrote letters of demand to defendants on plaintiff's behalf. Furthermore, in the affidavits in opposition to the defendants' motion for summary judgment, there is no assertion that plaintiff or his attorney were chilled or limited in any way from instituting an action on plaintiff's behalf. Accordingly, Local 1–2's motion for summary judgment on Count IV of the second amended complaint is granted.

IT IS SO ORDERED.